IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN G. WESTINE, | ) |
| | ) |
|        Petitioner, | ) |
| | ) |
| vs. | )    CIVIL NO. 06-279-DRH |
| | ) |
| UNITED STATES PAROLE COMM'N, | ) |
| *et al.*, | ) |
| | ) |
|        Respondents. | ) |

**MEMORANDUM AND ORDER**

**HERNDON, District Judge:**

Petitioner John G. Westine has filed a barrage of cases in federal courts to challenge his 1991 conviction and sentence for 36 counts of money laundering and related forfeiture actions in the district court for the Southern District of Ohio.[1]  For those futile efforts, he has been sanctioned by the Seventh Circuit Court of Appeals,[2] and also by the Honorable G. Patrick Murphy of this District.[3]  It now appears that he has embarked on the same path with respect to his convictions in the Central District of California.  Because the sentences for his various convictions have overlapped, the Court finds it helpful to reiterate Westine's conviction history, as summarized by the Honorable J. Phil Gilbert of this District.

---

[1] A detailed listing of those filings was compiled by the Honorable J. Phil Gilbert.  *Westine v. Hedrick*, Case No. 00-cv-198-JPG (S.D. Ill., doc. 10 filed Sept. 17, 2001).

[2] *See Westine v. Stepp*, Case No. 01-3780 (7th Cir., Jan. 28, 2002) ($5,000 sanction); *Westine v. Gilbert*, Case No. 00-2366 (7th Cir., Aug. 22, 2000)($50 sanction under *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)); *Westine v. Lappin*, Case No. 01-1278 (7th Cir., Feb. 26, 2001)(barred from successive filings pursuant to *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997)).

[3] *Westine v. United States*, Case No. 02-cv-137-GPM (S.D. Ill., doc. 6 dated Oct. 7, 2002) ($1,000 sanction).

On July 16, 1990, Westine was sentenced in the U.S. District Court for the Central District of California to serve one year for a conviction for failing to file a tax return and five years for income tax evasion (Case No. CR90-263-R, the "tax sentence"). The court ordered Westine to spend a minimal amount of time in prison and suspended the remainder of the sentence. The Court also ordered Westine to serve five years on probation for both crimes to run concurrently. The Court allowed Westine to self-surrender several weeks after the sentence was imposed. The Court of Appeals for the Ninth Circuit affirmed the court's judgment. *United States v. Westine*, 937 F.2d 614 (9th Cir. 1991) (Table).

Westine's next conviction came after he failed to show up at the appointed time to start serving the tax sentence. Law enforcement eventually located him and incarcerated him for the tax sentence. Upon completing that sentence in January 1991, Westine remained confined pending disposition of a failure to surrender charge arising out of his failure to voluntarily surrender to serve the tax sentence. In April 1991, he was convicted of that charge, again in the Central District of California, and was sentenced to serve 21 months in prison (Case No. 91-65-SVW; the "surrender sentence"). Westine was given credit for time served between the completion of the tax sentence and the surrender sentence. The Court of Appeals for the Ninth Circuit affirmed the court's judgment. *United States v. Westine*, 5 F.3d 544 (9th Cir. 1993) (Table).

While serving the surrender sentence, Westine was convicted yet again, this time on various fraud charges and this time by the U.S. District Court for the Southern District of Ohio. On July 2, 1992, that court imposed a 235-month sentence of imprisonment (Case No. CR-1-91-127; the "fraud sentence") consecutive to the surrender sentence. The Court of Appeals for the Sixth Circuit affirmed the court's judgment, *United States v. Westine*, 21 F.3d 429 (6th Cir. 1994) (Table), and rejected a challenge to the sentence under 28 U.S.C. § 2255, *Westine v. United States*, 94 F.3d 645 (6th Cir. 1996) (Table). In October 1992 Westine began serving the fraud sentence and is still serving this sentence at the United States Penitentiary at Marion, Illinois, ("USP-Marion") of which respondent Stepp is the warden. Westine is scheduled to be released in October 2009.

While incarcerated on the fraud sentence, Westine filed a motion pursuant to 28 U.S.C. § 2255 challenging the tax sentence. The California court found that it lacked jurisdiction to hear the matter because Westine was no longer in custody on the tax sentence.

Westine's final conviction relevant to his pending conviction

> occurred back in the Central District of California in September 1993. While Westine was serving the fraud sentence, the court that imposed the tax sentence revoked Westine's probation and committed him to serve a six-year sentence consecutive to the fraud sentence – one year for violation of the probation imposed for failing to file a return and five years for violation of the probation imposed for tax evasion (Case No. CR90-263-R; "revocation sentence").

*Westine v. Stepp*, Case No. 02-cv-532-JPG (S.D. Ill., doc. 33 filed Oct. 14, 2003). Judge Gilbert then dismissed that § 2241 petition for lack of jurisdiction.

Although Judge Gilbert's decision was later affirmed by the Seventh Circuit Court of Appeals, Westine was not satisfied; on November 25, 2005, he filed a motion to reopen that case. In response to that motion, Judge Gilbert directed Westine to show cause why he should not be sanctioned for pursuing frivolous actions under § 2241. Westine's response merely attacked the judgment previously entered in that action. Accordingly, sanctions were imposed as follows:

> **IT IS THEREFORE ORDERED** that petitioner **JOHN G. WESTINE**, B.O.P. Register **#93555-012**, is fined **$1,000 (ONE THOUSAND DOLLARS)**.
>
> **IT IS FURTHER ORDERED** that until he pays the fine, **ANY AND ALL PAPERS SUBMITTED ON HIS BEHALF IN THIS DISTRICT WILL BE RETURNED UNFILED**, with the exception of criminal cases and habeas corpus applications NOT collaterally attacking his conviction in the Southern District of Ohio in Case No. CR-1-91-127 or his conviction in the Central District of California in Case No. CR90-263-R.
>
> **IT IS FURTHER ORDERED** that if Westine persists in attempting to file frivolous applications in this District to attack his conviction in the Southern District of Ohio in Case No. CR-1-91-127 or his conviction in the Central District of California in Case No. CR90-263-R, the fine will go up for each attempted filing.

*Westine, supra*, Case No. 02-cv-532 (Doc. 51, entered Jan. 5, 2006) (emphasis in original).[4]

---

[4] It goes without saying that this fine remains unpaid.

The Court now arrives at the instant action, which was originally filed in the District Court for the District of Columbia. It appears that the subject matter of this petition is the parole term remaining to be served following completion of his 235-month sentence on the fraud conviction. According to the petition, this parole term was part of the sentence imposed on July 16, 1990; thus, this action was filed to challenge a portion of the sentence imposed for the tax sentence, or Case No. CR90-263-R, which is one of the two convictions specifically mentioned in Judge Gilbert's sanction order. Under the terms of that sanction, this action should not have been opened at all. Accordingly, this action is **DISMISSED WITH PREJUDICE**.

The remaining question involves imposition of additional sanctions, as warned about in Judge Gilbert's order. By filing the case in the District of Columbia, Petitioner managed to circumvent that sanction, either deliberately or by sheer coincidence. The Court will give him the benefit of the doubt *just this once* and will not impose additional sanctions *at this time*.

However, the Court now **WARNS** Petitioner that such consideration may not be forthcoming in the future. Petitioner is now aware that other district courts will transfer matters to this District when those other districts are not the appropriate venue for Petitioner's § 2241 actions. Therefore, the judges in this District will consider such matters as if they were originated in this District, and in the future, **FURTHER SANCTIONS MAY BE IMPOSED**.

**IT IS SO ORDERED.**

**DATED:** October 26, 2006.

/s/   David   RHerndon
**DISTRICT JUDGE**